JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| METAGENICS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN P. TROUP, an individual; JENNA C. TROUP, an individual; RADISHING MEDICAL, LLC, a Massachusetts limited liability corporation; TreatMNT, an entity of unknown form; and DOES 1-10,<br><br>　　　　Defendants. | CASE NO. 8:17-cv-00173 AG (AFMx)<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the stipulation of Plaintiff Metagenics, Inc. ("Metagenics"), on the one hand, and Defendants John P. Troup, Jenna C. Troup, Radishing Medical, LLC, and TreatMNT (collectively, "Defendants"), on the other hand,, and good cause appearing, the Court hereby ORDERS, ADJUDICATES and DECREES that Judgment, including permanent injunction, shall be and hereby is entered in favor of Plaintiff and against Defendants in the above-referenced matter as follows:

## I. Final Judgment

Judgment is entered in favor of Metagenics on all counts against Defendants.

## II. Injunction

Defendants, and all of their respective officers, managers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with Defendants or within Defendants' control (collectively, the "Enjoined Parties") are ORDERED and permanently ENJOINED as follows:

A. The Enjoined Parties are prohibited from directly or indirectly disclosing, using, or assisting in the use or disclosure of any of Metagenics' confidential information or trade secrets, including but not limited to any Metagenics data, document, email, or attachment that any of the Defendants copied, forwarded, or removed from any email account, server, or property owned by Metagenics.

B. The Enjoined Parties are prohibited from developing, producing, marketing, exploiting or selling any product, service, or business model that (1) was derived from or incorporates any of Metagenics' confidential information or trade secrets, (2) was conceived or developed by Defendants during the period of September 27, 2012 through December 16, 2016, including but not limited to the TreatMNT business and TreatMNT "Flash Flush" and "Glucose Balance" products, or (3) was created using non-public research studies, resources, or materials owned or paid for by Metagenics.

C. The Enjoined Parties are prohibited from directly or indirectly using the "TreatMNT," "Flash Flush," or "Glucose Balance" trademarks or terms, including but not limited to any use as a trade name, in advertising or promotional materials, in social media account names or handles (including but not limited to Facebook, Instagram, Snapchat, and Twitter), or in domain names.

D. Each Defendant shall, within three (3) days of the date of this stipulation, (i) locate, delete, and destroy all data, documents, files, emails, and attachments in his, her, or its possession, custody, or control (including in the possession, custody, or control of Sally Troup), that contains any of Metagenics' confidential information or trade secrets, including but not limited to any Metagenics data, document, email, or attachment that any of the Defendants copied, forwarded, or removed from any email account, server or property owned by Metagenics; and (ii) provide to Metagenics an affidavit attesting under penalty of perjury that he, she, or it has destroyed all such information and documents and describing in detail the steps he, she, or it took to locate all such information and documents.

E. Within two (2) days after the entry of this Order, the Enjoined Parties will assign and otherwise transfer to Metagenics all rights, title (including ownership), and interest in and to all intellectual property conceived, created, invented, registered, or developed by Defendants during the period of September 27, 2012 through December 16, 2016, including but not limited to, all patents, pending patent applications, trademarks, pending trademark applications, trade names, domain names, and copyrights (the "Assigned IP").

F. The Enjoined Parties will never oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of the

Assigned IP or Metagenics' trademarks, trade names, patents, copyrights, or domain names (together with the Assigned IP, "Metagenics' Intellectual Property") that exist as of the date of this Stipulated Judgment and Permanent Injunction, or are assigned pursuant to Paragraph II(E) above, or assist, support, or encourage others to oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of Metagenics' Intellectual Property.

**III. Monitoring Compliance**

It is further ORDERED that the Enjoined Parties shall:

A. Take reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether as relatives, affiliates, independent contractors, employees, agents, partners or in some other capacity) comply with this Order, including but not limited to providing a copy of this Order to any person within their control or employment and requesting that such person adhere to its terms; and

B. Take all reasonable corrective action with respect to any individual within their control or employment whom any Enjoined Party determines is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying Metagenics promptly in writing of the underlying conduct.

1  **IV.	Retention of Jurisdiction**
2       It is further ORDERED that this Court shall retain jurisdiction of this matter
3  in law and equity for purposes of enforcing and/or adjudicating claims of
4  violations of this Stipulated Judgment and Permanent Injunction or of disputes
5  arising in connection with the Settlement Agreement entered by the parties hereto.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: August 04, 2017        _____
                               Hon. Andrew J. Guilford
                               U.S. District Court Judge